1  ROBERT J. PARKS (SBN 103014)
   robert.parks@bipc.com
2  MANDY D. HEXOM (SBN 216390)
   mandy.hexom@bipc.com
3  ROBERT K. EDMUNDS (SBN 89477)
   robert.edmunds@bipc.com
4  BUCHANAN INGERSOLL & ROONEY, LLP
   600 West Broadway, Suite 1100
5  San Diego, CA 92101
   Tel:   619.239.8700
6  Fax:   619.702.3898

7  Attorneys for Defendant,
   CUMBERLAND PACKING CORP.

8  M. D. SCULLY (SBN 135853)
   mscully@gordonrees.com
9  ALLISON F. BORTS (SBN 197895)
   aborts@gordonrees.com
10 GORDON & REES, LLP
   101 West Broadway, Suite 2000
11 San Diego, CA 92101
   Tel:   619.696.6700
12 Fax:   619.696.7124

13 Attorneys for Defendant,
   CUMBERLAND PACKING CORP.

   STEPHEN S. SMITH (SBN 166539)
   SSmith@GreenbergGlusker.com
   AARON J. MOSS (SBN 190625)
   AMoss@GreenbergGlusker.com
   JAMES R. MOLEN (SBN 260269)
   JMolen@GreenbergGlusker.com
   GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
   1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
   Tel:   310.553.3610
   Fax:   310.553.0687

   Attorneys for Defendant,
   SUGAR FOODS CORPORATION

14                    UNITED STATES DISTRICT COURT

15                    SOUTHERN DISTRICT OF CALIFORNIA

16  TALEE ROONEY, on behalf of herself and all      CASE NO. 12cv0033 (H-POR)
    others similarly situated,
17                                                  *Assigned To: Hon. Marilyn L. Huff*
                     Plaintiff,
18                                                  **MEMORANDUM OF POINTS AND**
         v.                                         **AUTHORITIES IN SUPPORT OF**
19                                                  **DEFENDANTS' MOTION TO DISMISS**
    CUMBERLAND PACKING CORP., a New                 **PLAINTIFF'S COMPLAINT PURSUANT**
20  York corporation; SUGAR FOODS                   **TO RULE 12(b)(6) OF THE FEDERAL**
    CORPORATION, a New York corporation,            **RULES OF CIVIL PROCEDURE**
21  and DOES 1 through 10, inclusive,
                                                    [Filed Concurrently with Notice of Motion and
22                   Defendants.                    Motion to Dismiss; Request for Judicial Notice;
                                                    and Proposed Order]
23
                                                    Judge:         Hon. Marilyn L. Huff
24                                                  Date:          March 12, 2012
                                                    Time:          10:30 a.m.
25                                                  Crt. Rm:       13
                                                    Action Filed:  January 4, 2012
26                                                  Trial Date:    None.

27

28

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. LEGAL STANDARD ............................................................................................ 3

III. ARGUMENT .......................................................................................................... 4

    A. Plaintiff's UCL, FAL and CLRA Claims Fail to State a Cognizable Legal Theory As a Matter of Law and Should Be Dismissed ............................. 4

        1. As a Matter of Law, A Reasonable Consumer Is Not Likely To Be Misled By The Registered Trademark Sugar In The Raw ...................... 5

        2. Plaintiff Could Not Have Been Misled As A Matter of Law Because Sugar In The Raw is a "Raw" Sugar As That Term Is Commonly Understood ............................................................................................ 11

    B. Leave to Amend Would be Futile ................................................................ 13

IV. CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Clow (In re StacElecs. Sec. Litig.)*,
   89 F.3d 1399 (9th Cir. 1996) .................................................................................3

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ..................................................................................3

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) .................................................................................3, 9

*C.B. v. Sonora Sch. Dist.*,
   691 F.Supp.2d 1123 (E.D. Cal. 2009).....................................................................6

*In re Ferrero Litig.*,
   794 F.Supp.2d 1107, 1115 (S.D. Cal. 2011)..........................................................11

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ........................................................................4, 5, 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
   896 F.2d 1542 (9th Cir. 1990) ................................................................................3

*Haskell v. Time, Inc.*,
   857 F.Supp. 1392 (E.D. Cal. 1994).......................................................................13

*Holder v. Holder*,
   305 F.3d 854 (9th Cir. 2002) ..................................................................................6

*Knievel v. ESPN, Inc.*,
   393 F.3d 1068 (9th Cir. 2005) ................................................................................6

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ................................................................................13

*Mir, M.D. v. Little Co. of Mary Hospital*,
   844 F.2d 646 (9th Cir. 1988) ..................................................................................3

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990) ..................................................................................3

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..................................................................................3

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.*,
   245 F.3d 1048 (9th Cir. 2001) ..............................................................................13

*In re Verifone Sec. Litig.*,
   11 F.3d 865 (9th Cir. 1993) ....................................................................................3

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ..................................................................................3

- ii -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
Case No. 12cv0033

**STATE CASES**

*Brockey v. Moore,*
   107 Cal.App.4th 86 (2003) ...................................................................................... 5, 9

*Carrea v. Dreyer's Grand Ice Cream,*
   No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ............................ 9

*Consumer Advocates v. Echostar Satellite Corp.,*
   113 Cal.App.4th 1351 (2003) ............................................................................. 2, 5, 13

*Davis v. Ford Motor Credit Co.,*
   179 Cal.App.4th 581 (2009) ......................................................................................12

*Dodd v. Citizens Bank of Costa Mesa,*
   222 Cal.App. 3d 1624 (1990) ..................................................................................... 6

*Dvora v. General Mills, Inc.,*
   No. CV 11-1074-GW(PLAx), 2011 WL 1897349 (C.D. Cal. May 16, 2011) ............ 8

*Falkowski v. Imation Corp.,*
   132 Cal.App.4th 499 (2005) .....................................................................................10

*Ford v. Hotwire, Inc.,*
   No. 07-CV-1312 H(NLS), 2007 WL 6235779 (S.D. Cal. Nov. 19, 2007) ................. 3

*Lavie v. Procter & Gamble Co.,*
   105 Cal.App.4th 496 (2003) ..................................................................... 5, 10, 11, 12

*McKinnis v. Kellogg USA,*
   No. CV 07-2611 ABC (RCx), 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ....... 4, 8

*McKinniss v. General Mills, Inc.,*
   No. CV 07-2521 GAF (FMOx), 2007 WL 4762172
   (C.D. Cal. Sept. 18, 2007) ............................................................................... 1, 8, 12

*McKinniss v. Sunny Delight Beverages, Co.,*
   No. CV 07-02034-RGK (JCx), 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ........... 9

*Shvarts v. Budget Group, Inc.,*
   81 Cal.App.4th 1153 (2000) ....................................................................................... 7

*State Bd. of Funeral Directors v. Mortuary in Westminster Memorial Park,* 271
   Cal.App.2d 638 (1969) ............................................................................................... 5

*Sugawara v. Pepsico, Inc.,* No. 2:08-cv-01335-MCE-JFM, 2009 WL 1439115 (E.D.
   Cal. May 21, 2009) ..................................................................................................... 3

*Videtto v. Kellogg USA,* No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086 (E.D.
   Cal. May 21, 2009) ..................................................................................................... 3

*Werbel v. Pepsico Inc.,* No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2,
   2010) ..........................................................................................................................11

## FEDERAL STATUTES

15 U.S.C. 1052(e)(1) ................................................................................................................. 9

Fed. R. Evid. 201 .................................................................................................................. 3, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 2, 3, 6

## STATE STATUTES

Cal. Bus. & Prof. Code §17200, et seq. ................................................................................ 2, 3, 4, 5

Cal. Bus. & Prof. Code §17500, et seq. ................................................................................ 2, 3, 4, 5

Cal. Civ. Code §1750, et seq. ............................................................................................ 2, 3, 4, 5, 11

Cal. Civ. Code §1770 ............................................................................................................... 4

I.     INTRODUCTION

Defendants Cumberland Packing Corp. ("Cumberland") and Sugar Foods Corporation (collectively "defendants") hereby jointly move to dismiss Plaintiff Talee Rooney's ("plaintiff") complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Plaintiff filed a complaint[1] (the "complaint") on January 4, 2012 essentially alleging that defendants engaged in deceptive practices by putting something inside a product box that was different than what was described on the box. A picture of the box is attached as Exhibit "1" to the complaint[2]. Even accepting all of plaintiff's averments in her complaint as true, she has not stated a claim. What is inside the box is exactly what is described on the box, to wit: natural cane turbinado sugar. Plaintiff's complaint does not and cannot aver to the contrary. The complaint should be dismissed without leave to amend.

Confronted with the obvious, plaintiff tries to invent a claim with some type of "net impression"[3] theory by selectively reading a portion of defendant Cumberland's federally registered Sugar In the Raw® trademark appearing on the front of the box and ignoring the descriptive words and pictures of the product plastered all over the rest of the box. The law does not permit this type of selective package reading. When addressing the question of what a reasonable consumer would do when examining the box, it is insightful that the brand name "Sugar In the Raw®" has been a federally registered trademark of Cumberland appearing on the labels and packages of its turbinado sugar product for the past 40 years. Right along side the brand name is a prominent and

---

[1] The complaint is brought on behalf of plaintiff as well as a putative class of individuals consisting of certain California residents who purchased the product at issue. Compl., ¶25.

[2] A high-resolution copy of the product box is attached to the concurrently filed Request for Judicial Notice ("RJN") as Exhibit "A". The packaging as submitted by defendants portrays the images and words on the product more clearly and accurately than the black-and-white photocopy attached as Exhibit "1" to the complaint. As such, judicial notice is proper. *See McKinniss v. General Mills, Inc.*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007). Defendants will also make an example of the actual package available at oral argument or at the Court's request.

[3] See Compl., ¶16, 17, 18 and 20.

unambiguous description of the product, "Natural Cane Turbinado Sugar." That product description appears nine (9) times on the box including the ingredients section. Furthermore, a large, clear photograph of the product appears on the front of the box and another photograph of the product appears on the side of the box. As admitted by plaintiff in Exhibit "1" to the complaint, Cumberland prominently and unambiguously specified on its product packaging that the Sugar In The Raw product is "Natural Cane Turbinado Sugar." However, to the extent that plaintiff thought she was buying something different in the form of raw sugar as averred, plaintiff purchased exactly what she intended as turbinado sugar is commonly defined as a type of raw sugar. Moreover, because manufacturers use the term "raw" to identify turbinado sugar products, consumers commonly recognize turbinado sugar as a type of raw sugar. This leaves plaintiff without a claim.

Plaintiff brings her claims under the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, et seq.) ("FAL"), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) ("UCL"), and Consumer Legal Remedies Act (Cal. Civil Code § 1750, et seq.) ("CLRA"). In order to succeed with these claims, she must establish that a ***reasonable consumer is likely to be deceived***. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 1360, 8 Cal.Rptr.3d 22, 29 (2003) (emphasis added). Even accepting plaintiff's allegations as true, as presented in detail below, the informational statements, photographs of the actual product, and ingredient list on the packaging render it impossible for a reasonable consumer to believe that the product is anything other than turbinado sugar crystals. Plaintiff's lack of reasonableness is even more apparent when considering that after 40 years of sales, plaintiff is the first person to file a complaint alleging that she thought the Sugar In The Raw product is something other than turbinado sugar.

A common sense read of plaintiff's complaint and attached Exhibit "1" unequivocally demonstrates that she cannot prove any set of facts that would constitute a valid claim for relief. Defendants' motion should be granted in its entirety and this action should be dismissed with prejudice and without leave to amend.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff's complaint lacks a "cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although factual averments must be accepted as true, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Anderson v. Clow (In re StacElecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996), citing *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). Legal conclusions are not assumed true merely because cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where a complaint fails to satisfy these pleading standards, it should be dismissed, and the dismissal should be with prejudice if amendment cannot cure the deficiency. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the pleadings. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). It is well-settled, however, that a court may consider exhibits submitted with the complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Also, a court may consider documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id.* at 454. *See also Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2007 WL 6235779, at *1 (S.D. Cal. Nov. 19, 2007) (court may consider documents not physically attached to complaint when documents' authenticity not questioned and complaint necessarily relies on them). Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. *See Mir, M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988); Fed. R. Evid. 201.

Claims of misbranding and deception in the marketing of food products under the FAL, UCL and/or CLRA may be disposed of on a Rule 12(b)(6) motion to dismiss. *See Sugawara v. Pepsico, Inc.*, No. 2:08-cv-01335-MCE-JFM, 2009 WL 1439115, at *3-4 (E.D. Cal. May 21, 2009)

- 3 -

1  (finding that the packaging for Cap'n Crunch cereal and its use of the term "Crunch Berries" was
2  not misleading, as a matter of law); *see also Videtto v. Kellogg USA*, No. 2:08-cv-01324-MCE-
3  DAD, 2009 WL 1439086, at *2 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL and CLRA claims
4  where the trademark "Froot Loops" and packaging featuring depictions of fruit could not have
5  misled consumers into believing that the product contained "real, nutritious fruit"); *see also*
6  *McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *3-5 (C.D. Cal.
7  Sept. 19, 2007).

### III.   ARGUMENT

**A.   Plaintiff's UCL, FAL and CLRA Claims Fail to State a Cognizable Legal Theory As a Matter of Law and Should Be Dismissed**

Plaintiff's asserts three causes of action in her Complaint for violations of: (1) the UCL; (2) the FAL; and (3) the CLRA. The UCL defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising". Cal. Bus. & Prof. Code §17200. Under the FAL, it is unlawful for any person or entity "with intent directly or indirectly to dispose of real or personal property… or to induce the public to enter into any obligation relating thereto," to make untrue or misleading advertising statements. *Id.* §17500. The CLRA provides a nonexclusive statutory remedy for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770.

All three of plaintiff's causes of action appear to be premised on the contention that Cumberland's use of the trademark "Sugar In The Raw" misleads consumers into believing that the product consists of completely raw unrefined sugar cane. This conclusory assertion fails as a matter of law because it is not possible for a reasonable consumer to be misled into believing that Sugar In The Raw consists of completely unprocessed or unrefined sugar cane stalks. The Sugar In The Raw packaging indicates repeatedly and clearly that the product is turbinado sugar. However, to the extent that plaintiff thought she was purchasing raw sugar crystals, that is exactly what she purchased since reasonable consumers know that turbinado sugar is a form of "raw" sugar.

////

1. **As a Matter of Law, A Reasonable Consumer Is Not Likely To Be Misled By The Registered Trademark Sugar In The Raw**

To state a claim for deceptive advertising under the UCL, FAL or CLRA, plaintiff must allege that defendants made statements **likely to deceive a reasonable consumer** into believing that Sugar In The Raw contains completely unprocessed or unrefined sugar cane. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Consumer Advocates*, 113 Cal.App.4th at 1360, 8 Cal.Rptr.3d at 29 (applying the reasonable consumer test to claims under the UCL, FAL and CLRA.). A "reasonable consumer" is an "ordinary consumer acting reasonably under the circumstances." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 512, 129 Cal.Rptr.2d 486, 498 (2003); s*ee also State Bd. of Funeral Directors v. Mortuary in Westminster Memorial Park*, 271 Cal.App.2d 638, 642, 76 Cal.Rptr. 832, 834 (1969) (applying standard of "what a person of ordinary intelligence" would conclude in false advertising case). In order to establish that deception is "likely," plaintiff must allege facts establishing "more than a mere possibility that the advertisement might conceivably be understood by some few consumers viewing it in an unreasonable manner." *Lavie*, 105 Cal.App.4th at 508, 129 Cal.Rptr.2d at 495. Rather, "the ad [must be] such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* If the alleged misrepresentation is such that it is not probable for a reasonable consumer to be misled, then the cause of action should be dismissed. *Freeman*, 68 F.3d at 288-289.

As the Court aptly noted in *Lavie*,

> As noted by the FTC many years ago: 'Perhaps a few misguided souls believe, for example, that all 'Danish pastry' is made in Denmark. Is it, therefore, an actionable deception to advertise 'Danish pastry' when it is made in this country? Of course not. A representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.'

*Lavie*, 105 Cal.App.4th at 507, 129 Cal.Rptr.2d at 494, *quoting In the Matter of Kirchner*, 63 F.T.C. 1282 (1963).

In determining whether a food product package is likely to deceive a reasonable consumer, the Court should look at the entire packaging and "the primary evidence is the advertisement itself."

1. *Brockey v. Moore*, 107 Cal.App.4th 86, 100, 131 Cal.Rptr.2d 746, 756 (2003). Thus, for these purposes, the Court must consider the actual Sugar In The Raw packaging attached as Exhibit "1" to plaintiff's complaint, and not the mere allegations of that pleading. If the facts appearing in the actual advertisement contradict those averred in the complaint, the advertisement takes precedence. *See Dodd v. Citizens Bank of Costa Mesa*, 222 Cal.App.3d 1624, 1627, 272 Cal.Rptr. 623, 624 (1990).

Here, the Sugar In The Raw packaging renders it impossible for a reasonable consumer to be misled into believing that the product contains completely unprocessed or unrefined sugar cane. Any reasonable consumer upon inspection of the box would understand and believe that the product contained only turbinado sugar. The front of the product box depicted at Exhibit "1" to plaintiff's complaint states in bold, prominent and capitalized lettering that the product contains "NATURAL CANE TURBINADO SUGAR"[4] as portrayed here and at Exhibit "A" to defendants' Request for Judicial Notice (the "RJN") filed simultaneously herewith and incorporated herein by this reference.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[4] In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court "may take judicial notice of matters of public record." *C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).



Not only is "Natural Cane Turbinado Sugar" emblazoned on the front of the packaging, but it appears a total of nine times on the box. Specifically, "Natural Cane Turbinado Sugar" can be found on the front of the box, above and within the ingredient list on the side of the box, above and within the text description on the back, on the special offer section on the other side of the box, on the bottom of the box, and on the top of the box. RJN ¶1, Exh. A. Plaintiff does not dispute this. Compl., ¶¶ 11-12. It is hard to imagine how defendants could have been more explicit in identifying what the product contains. These disclosures on the packaging alone are sufficient to defeat plaintiff's claims. *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1160, 97 Cal.Rptr.2d 722, 727 (2000) (concluding that the defendant's rental car refueling policy could not be deceptive, as a matter of law, because the policy was "clearly printed, in boldface, in the rental agreement.").

Lest there be any doubt about what the product is, the front of the Sugar In The Raw box attached to plaintiff's complaint features a large, clear photograph of the actual product. In fact, the photograph of the product takes up about two-thirds of the total front of the packaging. Another picture of the product in a clear bowl appears on the side of the box. What you see is what you get. No reasonable consumer would be misled where the packaging features a large photograph of what is actually in the box. *See, e.g., McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007

WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) ("[A] reasonable consumer would be expected to note, upon pouring the contents of the packaging into a cereal bowl, that the product contained no actual fruit.").[5] RJN ¶1, Exh. A. Upon seeing the photographs of the turbinado sugar crystals on the front and side of the box, it is difficult to imagine what else plaintiff thought she was purchasing. Certainly, when plaintiff opened up the box and poured the raw sugar crystals in her drink or on her food, she must have known that what she had purchased was what was described on the box.

And if that were not enough, the ingredient list on the box identifies one ingredient: turbinado sugar. If plaintiff missed the other eight capitalized turbinado sugar statements on the packaging, she could have easily turned to the federally mandated list of ingredients on the side panel to read the composition of the product. *See McKinnis v. Kellogg*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) ("Plaintiffs cannot claim surprise over [the ingredient labels] which have long been required on food products and are familiar to a reasonable consumer.").

Plaintiff ignored all of these facts and focused only on her selective choice of words to read coupled with her unreasonable interpretation of the "Sugar In The Raw" registered trademark of the product which, she claims, formed the "net impression" that the product is totally unrefined raw sugar. Compl. ¶s 16, 17, 18 and 20. Contrary to plaintiff's assertions, the use of the federally registered trademark Sugar In The Raw could not have possibly led her to believe that the product had undergone no processing. First, the registered trademark of a product is not intended to provide consumers with a precise description of what is in the box. *See McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (dismissing false advertising claim where the allegedly misleading word 'Froot' "appears in the trademarked name of the cereal, not on its own or as a description of the actual ingredients of the cereal itself."). There

---

[5] Notably, unlike the Sugar In The Raw packaging where there is a clear photograph of the actual turbinado sugar crystals, the product packaging in *McKinniss* was an image of fruit, which the product did not contain. Nonetheless, the Court in *McKinniss* still found that the packaging was not misleading. *McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *2 (C.D. Cal. Sept. 18, 2007)

are countless other fanciful brand names that do not precisely identify the contents of the product on which they are used. For instance, Boston Baked Beans for candy coated peanuts, Chicken of the Sea for canned tuna fish, Grape Nuts for cereal that contains neither grapes nor nuts, Chock Full of Nuts for coffee without nuts, are just a few examples.

Moreover, the term "raw" on the package does not appear in isolation. Instead, it appears as part of Cumberland's federally registered trademark "Sugar In The Raw®."[6] It is improper to read words in isolation and, instead, the entire context of the packaging must be considered. *Brockey*, 107 Cal.App.4th at 100, 131 Cal.Rptr.2d. at 756; *McKinniss v. Sunny Delight Beverages, Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *4 (C.D. Cal. Sept. 4, 2007); *Carrea v. Dreyer's Grand Ice Cream*, No. C 10-01044 JSW, 2011 WL 159380, at *6 (N.D. Cal. Jan. 10, 2011). A reasonable consumer examining the entire package would have no doubt that Sugar In The Raw is neither a reference to the product's ingredients nor a substantive description of the contents of the product. In this context, the idiomatic expression "In The Raw" is reasonably viewed as part of the product's brand name, rather than an indicator of the composition of the product.

In addition, contrary to the allegations in plaintiff's complaint, nowhere on the box does Cumberland claim that the product is entirely "unprocessed" or "unrefined." In fact, the labeling provides that the product consists of crystals, which of course is entirely consistent with the pictures on the box. No reasonable consumer would believe that sugar crystals can be made without some type of processing of sugar cane. Plaintiff is left without any basis to assert that Sugar In The Raw is deceptive, as, once again, defendants do not advertise on the box that the product is entirely "unprocessed." Here, turbinado sugar is commonly known by consumers, the industry, manufacturers, competitors and trade associations as a form of "raw" sugar (in comparison to fully

---

[6] Cumberland owns five trademark registrations in the United States Patent and Trademark Office ("USPTO"). As a prerequisite for acquiring a trademark registration in at least the United States, Cumberland had to satisfy the standard that the mark was not deceptively misdescriptive of the product. *See* 15 U.S.C. 1052(e)(1). That the USPTO never once found the Sugar In The Raw trademark to be deceptive is further support that plaintiff's claims lack merit.

refined white sugar).[7] There is nothing on the Sugar In The Raw packaging which contradicts the fact that the product has been minimally processed into a usable form in order to render it edible[8]. Plaintiff herself admits that consumers understand Sugar In The Raw to contain sugar that has been at least partially processed. Specifically, plaintiff alleges that "due to its impurities…some level of refining raw sugar is required for its legal sale" (Compl. ¶ 22). Plaintiff does not claim that she believed the product was impure and being sold unlawfully. This is because all sugar sold in the United States has to be processed to some degree (since consumers cannot eat totally unprocessed, unclean and potentially dangerous sugar cane as admitted by plaintiff in her complaint (Compl. ¶ 22)). Again, this begs the question: if plaintiff knew that the sale of unprocessed sugar cane stalk is illegal to sell due to its impurities, how could she have been misled into believing that this is what she purchased? To the contrary, an ordinary consumer acting reasonably would never believe that the Sugar In The Raw product sitting on a grocery store shelf was inedible or incapable of being sold, let alone pay more for the product as plaintiff alleges to have done. (Compl. ¶ 53).

Plaintiff's allegation that the product's brand name would lead a reasonable consumer to believe turbinado sugar is "raw, unrefined sugar" makes no sense. (Compl. ¶ 15.) Again, the standard is that of an ordinary consumer acting reasonably under the circumstances. *Lavie*, 105 Cal.App.4th at 512, 129 Cal.Rptr.2d at 494, 498. In its ordinary and popular sense, "raw sugar" means the "residue left after sugarcane has been processed to remove the molasses and refine the sugar crystals." RJN, ¶ 2, Exh. B; See *Falkowski v. Imation Corp.*, 132 Cal.App.4th 499, 508-509, 33 Cal.Rptr.3d 724, 731-732 (2005) (employing definitions to determine ordinary meaning of words). On the other hand, "unrefined" means, "not processed into a pure or usable form." RJN, ¶ 3, Exh. C. A reasonable consumer using the ordinary meaning of words could not possibly believe raw sugar is completely unrefined or unprocessed when common usage of the words "raw sugar" indicate otherwise.

---

[7] In fact, contrary to the allegations made by plaintiff in her complaint, white sugar is substantially more refined than turbinado sugar.

[8] All sugar sold in the United State by law must be processed to some degree in order to make it edible and clean for human consumption.

In essence, plaintiff is like the misguided Danish consumer described in *Lavie*, only much more unreasonable. Plaintiff may have subjectively believed, despite overwhelming representations to the contrary, that the brand name "Sugar In The Raw" meant the product contained unrefined sugar cane. Perhaps plaintiff would have actually paid more for a product that she believed was unusable and replete with impurities. Then again, the fact that "a few misguided souls" may believe that all Danish pastry is made in Denmark does not make that statement actionable. *Lavie*, 105 Cal.App.4th at 507, 129 Cal.Rptr.2d at 494. As a matter of law, plaintiff's incredulous and absurd (mis)understanding is immaterial. "A representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed." *Id.*

Courts in California have repeatedly addressed and dismissed cases with facts similar to the instant one. For example, in *Werbel*, the plaintiff argued that defendant's "Cap'n Crunch Crunch Berries" brand of breakfast cereal was deceptive because the cereal did not contain fruit. The court dismissed that case holding that plaintiff's claims were "nonsense" since "it [was] obvious from the product packaging that no reasonable consumer would believe that Cap'n Crunch derives any nutritional value from berries." *Werbel v. Pepsico Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010). Like in *Werbel*, plaintiff's claim that she purchased Sugar In The Raw because she believed that it contained unrefined sugar cane is also "nonsense" because the packaging makes it abundantly clear that no rational, let alone reasonable, consumer would believe that the product contains anything other than turbinado sugar. Where it is not possible for a reasonable consumer to be deceived by the product packaging, a motion to dismiss is appropriate. *In re Ferrero Litig.*, 794 F.Supp.2d 1107, 1115 (S.D. Cal. 2011).

        2.    **Plaintiff Could Not Have Been Misled As A Matter of Law Because Sugar In The Raw is a "Raw" Sugar As That Term Is Commonly Understood**

To the extent a reasonable consumer purchased the Sugar In The Raw product believing that it contained "raw" sugar as alleged, they could not have been deceived. Sugar In The Raw is "raw" sugar as that term is commonly understood by reasonable consumers. Where a consumer purchases a product under the belief that it contains an attribute that it does in fact contain, there is no

actionable claim for false advertising. *See McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (motion to dismiss granted "[f]or a variety of reasons, most notably that the packaging of Defendant's products contains no false statements"); *Lavie*, 105 Cal.App.4th at 500, 129 Cal.Rptr.2d. at 489 (reasonable consumers were not likely to be deceived by the phrase "Aleve is gentler on your stomach lining than aspirin" where trial court found that the statement was true); *Davis v. Ford Motor Credit Co.*, 179 Cal.App.4th 581, 599, 101 Cal.Rptr.3d 697, 711 (2009) (plaintiff failed to state a claim under CLRA where challenged representation was correct). Plaintiff's allegation that she purchased the Sugar In The Raw product under the belief that it was "raw" fails to establish a likelihood of deception because, by definition, turbinado sugar is raw sugar.

In its ordinary and common usage, the term "raw sugar" is broadly defined and, by definition, includes turbinado sugar within its scope. *See* RJN ¶5, Exh. E. Specifically, Dictionary.com defines "raw sugar" as follows: "a type of light brown coarse sugar containing the natural molasses present in sugarcane." *See* RJN ¶5, Exh. E. That definition also provides the following examples of "raw sugar": "Types of raw sugar include demerara, muscovado, and ***turbinado***" *Id.* (emphasis added). It follows that in common parlance, turbinado sugar is defined as "a partially refined, granulated, pale-brown sugar obtained by washing raw sugar in a centrifuge until most of the molasses is removed." RJN ¶4, Exh. D. Accordingly, reasonable consumers using ordinary meanings understand turbinado sugar to be a type of raw sugar.

In addition, use of the term "raw" to identify these various types of raw sugar, including turbinado sugar, is generally known to consumers since several sugar manufacturers use the term "raw" to identify these various types of raw sugar. These include at least Domino, Whole Foods, Trader Joe's and Wholesome Brands. *See* RJN ¶6, Exh. F. (five turbinado sugar products) and below:

/ / / /
/ / / /
/ / / /
/ / / /



Plaintiff fails to explain the basis for her conclusion that Sugar In The Raw does not contain "raw sugar." Plaintiff's subjective understanding of what she thought the product contains is immaterial to the present analysis. *See Freeman*, 68 F.3d at 289; *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal. 1994); *Consumer Advocates*, 113 Cal.App.4th at 1360, 8 Cal.Rptr.3d at 29. That the customers as well as the industry understand the term "raw sugar" to include turbinado sugar demonstrates that plaintiff should not be considered a reasonable consumer. Any consumer that purchased Sugar In The Raw because they believed it contained "raw" sugar got exactly what they intended, a type of raw sugar known as turbinado sugar.

### B. Leave to Amend Would be Futile

A court may, in its discretion, deny leave to amend where amendment would be futile because the plaintiff can prove no set of facts that would constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futile amendments should not be permitted, and futility can, by itself, justify the denial of a request for leave to amend. *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiff's complaint unequivocally demonstrates that she cannot prove any set of facts that would constitute a valid claim. Her complaint is based solely on the allegation that the brand name "Sugar In The Raw" is likely to deceive reasonable consumers into believing that the product contains something other than turbinado sugar, i.e. completely unprocessed, inedible sugar that cannot legally be sold in the United States.

/ / / /

1     Plaintiff attached as an exhibit to her complaint the product packaging as the sum of her case concerning the alleged misrepresentation. A review of the packaging immediately demonstrates that any reasonable consumer would know exactly what they were getting. There is nothing about the product box that so much as remotely suggests that it is unrefined. Virtually everything about the product package, including its name, description, visual depictions, and ingredient list, makes absolutely clear that the product is nothing more and nothing less than turbinado sugar. The notion that a reasonable consumer would expect inedible, unhealthy food products to be sold at the local grocery store is absurd. No amendment could possibly show that reasonable consumers are likely to be misled by the product in the manner alleged when the face of the product itself demonstrates that they would not be. Accordingly, leave to amend would be futile.

### IV. CONCLUSION

For all the foregoing reasons, defendants respectfully request that the Court grant this motion in its entirety without leave to amend and dismiss plaintiff's complaint with prejudice.

Dated: February 13, 2012      BUCHANAN INGERSOLL & ROONEY LLP

By: **s/ Robert J. Parks**
Attorneys for Defendant,
CUMBERLAND PACKING CORP.
E-mail: robert.parks@bipc.com

Dated: February 13, 2012      GORDON & REES LLP

By: **s/ M. D. Scully**
Attorneys for Defendant,
CUMBERLAND PACKING CORP.
E-mail: robert.parks@bipc.com

Dated: February 13, 2012      GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: **s/ James R. Molen**
Attorneys for Defendant, SUGAR FOODS CORPORATION
E-mail: JMolen@GreenbergGlusker.com