ROBERT J. PARKS (SBN 103014)
robert.parks@bipc.com
MANDY D. HEXOM (SBN 216390)
mandy.hexom@bipc.com
ROBERT K. EDMUNDS (SBN 89477)
robert.edmunds@bipc.com
BUCHANAN INGERSOLL & ROONEY, LLP
600 West Broadway, Suite 1100
San Diego, CA 92101
Tel: 619.239.8700
Fax: 619.702.3898

Attorneys for Defendant,
CUMBERLAND PACKING CORP.

M. D. SCULLY (SBN 135853)
mscully@gordonrees.com
ALLISON F. BORTS (SBN 197895)
aborts@gordonrees.com
GORDON & REES, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Tel: 619.696.6700
Fax: 619.696.7124

Attorneys for Defendant,
CUMBERLAND PACKING CORP.

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
JAMES R. MOLEN (SBN 260269)
JMolen@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Tel: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant,
SUGAR FOODS CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TALEE ROONEY, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CUMBERLAND PACKING CORP., a New York corporation; SUGAR FOODS CORPORATION, a New York corporation, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 12cv0033 (H-POR)

*Assigned To: Hon. Marilyn L. Huff*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

[Filed Concurrently with Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and Proposed Order]

Judge: Hon. Marilyn L. Huff
Date: April 16, 2012
Time: 10:30 a.m.
Crt. Rm: 13
Action Filed: January 4, 2012
Trial Date: None.

TABLE OF CONTENTS

I. INTRODUCTION ....................1

II. LEGAL STANDARD....................2

III. DISCUSSION....................3

A. Allegedly False Advertising is Only Actionable if it is Likely to Deceive a Reasonable Consumer....................3

B. Plaintiff's Claims Fail as a Matter of Law Because No Reasonable Consumer is Likely to Be Deceived by the Product or its Packaging....................5

C. Plaintiff's Alleged Misunderstanding is Not Reasonable....................8

D. No Reasonable Consumer Would Be Deceived into Believing the Product Contains "Unprocessed" or "Unrefined" Sugar....................9

E. The Product Contains "Raw Sugar" as that Term is Commonly Understood....................10

F. Plaintiff's Amended Complaint Cannot Remedy Her Defective Claims ....................12

G. Leave to Amend Would be Futile....................13

IV. CONCLUSION....................13

- i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT Case No. 12cv0033

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Andrews v. Metro North Commuter R.R. Co.*, 862 F.2d 705 (2nd Cir. 1989)…10

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)…2

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)…2

*C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123 (E.D. Cal. 2009)…6

*Cairns v. Franklin Mint Co.*, 24 F. Supp.2d 1013…4

*Churchill Village, LLC v. General Electric Co.*, 169 F.Supp.2d 1119…4

*In re Ferrero Litig.*, 794 F.Supp.2d 1107, 1115 (S.D. Cal. 2011)…9

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995)…5, 11

*Haskell v. Time, Inc.*, 857 F.Supp. 1392 (E.D. Cal. 1994)…6, 11

*Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002)…6

*Knievel v. ESPN, Inc.*, 393 F.3d 1068 (9th Cir. 2005)…6

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988)…13

*Mir, M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646 (9th Cir. 1988)…3

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)…2

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001)…13

**STATE CASES**

*Brockey v. Moore*,
107 Cal.App.4th 86 (2003) ....8

*Carrea v. Dreyer's Grand Ice Cream*,
*No. C 10-01044 JSW*, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ....8

*Consumer Advocates v. Echostar Satellite Corp.*,
113 Cal.App.4th 1351 (2003) ....3, 11

*Davis v. Ford Motor Credit Co.*,
179 Cal.App.4th 581 (2009) ....10

*Drum v. San Fernando Valley Bar Ass'n*,
182 Cal.App.4th 247 (2010)....4

*Falkowski v. Imation Corp.*,
132 Cal.App.4th 499 (2005) ....10

*Ford v. Hotwire, Inc.*,
No. 07-CV-1312 H(NLS), 2007 WL 6235779 (S.D. Cal. Nov. 19, 2007)....2, 4, 6

*Lavie v. Procter & Gamble Co.*,
105 Cal.App.4th 496 (2003) ....5, 6, 10

*McKinnis v. Kellogg USA*,
*No. CV 07-2611 ABC (RCx)*, 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ...3, 6, 8, 9

*McKinniss v. General Mills, Inc.*,
*No. CV 07-2521 GAF (FMOx)*, 2007 WL 4762172
(C.D. Cal. Sept. 18, 2007)....1, 7, 10

*McKinniss v. Sunny Delight Beverages, Co.*,
*No. CV 07-02034-RGK (JCx)*, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ....3, 5, 8

*Shvarts v. Budget Group, Inc.*,
81 Cal.App.4th 1153 (2000) ....8

*State Bd. of Funeral Directors v. Mortuary in Westminster Memorial Park*,
271 Cal.App.2d 638 (1969) ....5

*Sugawara v. Pepsico, Inc.*,
No. 2:08-cv-01335-MCE-JFM, 2009 WL 1439115 (E.D. Cal. May 21, 2009) ....3

*Videtto v. Kellogg USA*,
No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086 (E.D. Cal. May 21, 2009)....3

*Werbel v. Pepsico Inc.*,
No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010)....9

## FEDERAL STATUTES

15 U.S.C. 1052(e)(1)........................................................................................................8

Fed. R. Evid. 201 .........................................................................................................3, 6

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 2, 3, 6

## STATE STATUTES

Cal. Bus. & Prof. Code §17200, et seq. ............................................................................3, 4

Cal. Bus. & Prof. Code §17500, et seq. ..................................................................................3

Cal. Civ. Code §1750, et seq. .................................................................................................3

Cal. Civ. Code §1770...............................................................................................................3

- iv -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT Case No. 12cv0033

## I. INTRODUCTION

Defendants Cumberland Packing Corp. ("Cumberland") and Sugar Foods Corporation (collectively "defendants") hereby jointly move to dismiss Plaintiff Talee Rooney's ("plaintiff") first amended complaint for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).[1]

Defendants manufacture and distribute a sugar product called "SUGAR IN THE RAW® Natural Cane Turbinado Sugar." In her complaint filed January 4, 2012 (the "complaint"), Plaintiff alleged that she purchased this product because its brand name, "Sugar in the Raw," caused her to believe that the product contained raw, unrefined sugar. Compl., ¶ 10.

On February 13, 2012, defendants filed a motion to dismiss the complaint pursuant to FRCP 12(b)(6) (the "First Motion"). A true and correct copy of the Memorandum of Points and Authorities in Support of Defendants' First Motion is attached as Exhibit A to defendants' concurrently filed Request for Judicial Notice (the "RJN") and is incorporated by reference. The First Motion demonstrated that no reasonable consumer would be misled in the manner alleged by plaintiff because the Product contains exactly what is described on the box: turbinado sugar. Moreover, plaintiff's alleged misunderstanding was in direct contradiction to her own judicial admission that all sugar *must* be refined to remove impurities before it may be legally sold. Compl., ¶ 22.

Confronted with her inconsistent admission, plaintiff filed a first amended complaint[2] (the "amended complaint") on March 1, 2012. Attached to the amended complaint as Exhibit 1 is a black-and-white photocopy of the product allegedly purchased by plaintiff (the "Product").[3]

---

[1] The complaint is brought on behalf of plaintiff as well as a putative class of individuals consisting of certain California residents who purchased the product at issue. Compl., ¶ 25.

[2] The first amended complaint is brought once again on behalf of plaintiff as well as a putative class of individuals consisting of certain California residents who purchased the product at issue. Amend. Compl., ¶ 29.

[3] A high-resolution copy of the Product is attached to the concurrently filed RJN as Exhibit B. The packaging as submitted by defendants portrays the images and words on the Product more clearly and accurately than the black-and-white photocopy attached to the amended complaint. As such, judicial notice is proper. *See McKinniss v. General Mills, Inc.*, No. CV 07-2521 GAF (FMOx),

Plaintiff still does not deny that the Product contains exactly what the box says it contains, namely, turbinado sugar. Nevertheless, she now claims that nobody knows what that is, or exactly how it is made. Moreover, contrary to the allegations in her first complaint, Plaintiff now alleges that completely unprocessed or unrefined sugar can actually be legally sold in the United States. Amend. Compl., ¶ 19.

The amended complaint suffers from the same fatal defects as the first. To reach the unjustifiable conclusion that the Product represents itself as containing something other than turbinado sugar, plaintiff has ignored the full name of the Product, its photographic depictions, its detailed description, and its ingredient list. While plaintiff's allegations are a moving target from one complaint to the next, it is of no import to the disposition of her claims. A cursory review of the Product unequivocally demonstrates that no rational, let alone reasonable, consumer would ever believe that the Product contained anything other than turbinado sugar.

Defendants' motion should be granted in its entirety and this action should be dismissed with prejudice and without leave to amend.

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See* Fed. R. Civ. Pro. 12(b)(6). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the pleadings. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). It is well-settled, however, that a court may consider exhibits submitted with the complaint. *See Id.* at 453-54. Also, a court may consider

---

2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007). Defendants will also make an example of the actual package available at oral argument or at the Court's request.

documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id.* at 454. *See also Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2007 WL 6235779 at *3-4 (S.D. Cal. Nov. 19, 2007) (court may consider documents not physically attached to complaint when documents' authenticity not questioned and complaint necessarily relies on them). Further, it is proper for the court to consider matters subject to judicial notice pursuant to Fed. R. Evid. 201. *See Mir. M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988).

Claims of misbranding and deception in the marketing of food products under the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, et seq.) ("FAL"), the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) ("UCL"), and/or the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) ("CLRA") may be disposed of on a Rule 12(b)(6) motion to dismiss. *See Sugawara v. Pepsico, Inc.*, No. 2:08-cv-01335-MCE-JFM, 2009 WL 1439115, at *3-4 (E.D. Cal. May 21, 2009) (finding that the packaging for Cap'n Crunch cereal and its use of the term "Crunch Berries" was not misleading, as a matter of law); *see also Videtto v. Kellogg USA*, No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086, at *2 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL and CLRA claims where the trademark "Froot Loops" and packaging featuring depictions of fruit could not have misled consumers into believing that the product contained "real, nutritious fruit"); *see also McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *3-5 (C.D. Cal. Sept. 19, 2007).

## III. DISCUSSION

### A. Allegedly False Advertising is Only Actionable if it is Likely to Deceive a Reasonable Consumer

California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200. Under the FAL, CLRA, and the "fraudulent" conduct prong of the UCL, an allegedly misleading statement is only actionable if it is likely to deceive a reasonable consumer. *Consumer Advocates v. Echostar*

*Satellite Corp.*, 113 Cal. App. 4th 1351, 1360, 8 Cal.Rptr.3d 22, 29 (2003) (analyzing claims under the UCL, FAL and CLRA together); *McKinniss v. Sunny Delight Beverages, Co.*, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007) (same).

In addition to fraudulent conduct that is likely to deceive, the UCL also makes actionable "unfair" and "unlawful" conduct. Cal. Bus. & Prof. Code §17200. The "unlawful" conduct prong of the UCL "borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200, *et seq.*" *Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2007 WL 6235779 at *10-12 (S.D. Cal. Nov. 19, 2007), *quoting Farmers Ins. Exch. v. Sup. Crt*, 2 Cal. 4th 377, 383, 6 Cal.Rptr.2d 487, 491 (1992). Accordingly, where, as here, the predicate unlawful act is a violation of the FAL and/or CLRA, the alleged violation of the "unlawful" prong of the UCL rises or falls with these claims. *See Id.* (dismissing UCL claim under "fraudulent" and "unlawful" prongs when no underlying FAL or CLRA violation).

The third and final prong of the UCL makes actionable "unfair" business practices. Cal. Bus. & Prof. Code § 17200. In consumer cases, the California Supreme Court has not established a definitive test to determine whether a business practice is unfair. *See Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256-57, 106 Cal.Rpt.3d 46, 53-54 (2010). A split of authority has developed among the Courts of Appeal, which have applied three different tests for unfairness in consumer cases. *Id.* The most liberal test defines "unfair" business conduct as conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* Where an allegedly misleading statement is not likely to deceive a reasonable consumer, it is, by definition, not "unfair" under the UCL as a matter of law. *See Churchill Village, LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1131 (N.D. Cal. 2000) ("A reasonable consumer standard applies to a false advertising claim under the UCL"); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) ("A claim based on false or misleading advertising and unfair business practices must be evaluated from the vantage of a reasonable consumer."). *See also Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2007 WL 6235779 at *11 (S.D. Cal. Nov. 19, 2007 ) (plaintiff failed to state a claim under "unfair" conduct prong of UCL where alleged business practice was not deceptive).

In short, to state a claim under either the FAL, CLRA, or UCL, plaintiff must allege that "statements or other representations appearing on Defendant's product labels are likely to deceive a reasonable consumer." *McKinniss v. Sunny Delight Beverages, Co.,No. CV 07-02034-RGK (JCx)*, at *3 (C.D. Cal. Sept. 4, 2007).

**B. <u>Plaintiff's Claims Fail as a Matter of Law Because No Reasonable Consumer is Likely to Be Deceived by the Product or its Packaging</u>**

A "reasonable consumer" is an "ordinary consumer acting reasonably under the circumstances." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 512, 129 Cal.Rptr. 2d 486, 498 (2003); *see also State Bd. of Funeral Directors v. Mortuary in Westminster Memorial Park*, 271 Cal. App. 2d 638, 642, 76 Cal.Rptr. 832, 834 (1969) (applying standard of "what a person of ordinary intelligence" would conclude in false advertising case).

The term "likely" indicates that deception must be probable, not just possible. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). As the court explained in *Lavie*:

> "Likely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

*Lavie*, 105 Cal. App. 4th at 508, 129 Cal.Rptr.2d at 495.

In this regard, the following illustration from *Lavie* is instructive:

> As noted by the FTC many years ago: "Perhaps a few misguided souls believe, for example, that all 'Danish pastry' is made in Denmark. Is it, therefore, an actionable deception to advertise 'Danish pastry' when it is made in this country? Of course not. A representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and

unrepresentative segment of the class of persons to whom the representation is addressed."

*Lavie,* 105 Cal.App.4th at 507, 129 Cal.Rptr.2d at 494, *quoting In the Matter of Kirchner,* 63 F.T.C. 1282 (1963).

"If an alleged misrepresentation would not deceive a reasonable consumer…then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss." *McKinnis v. Kellogg USA,* 2007 WL 4766060, at *3 (Sept. 19, 2007 C.D. Cal). *See also Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994); *Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2007 WL 6235779, at *8 (S.D. Cal. Nov. 19, 2007) ("A claim may be dismissed pursuant to Rule 12(b)(6) if no reasonable consumer would be deceived or misled.").

The front of the Product box depicted at Exhibit "1" to plaintiff's amended complaint states in bold, prominent, and capitalized lettering that the Product contains "NATURAL CANE TURBINADO SUGAR." The Product features a large, clear photograph of the actual Product taking up about two-thirds of the total front of the packaging[4] as portrayed below and at Exhibit B to the RJN:

///

///

///

///

///

---

[4] In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court must take judicial notice of an adjudicated fact where the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court "may take judicial notice of matters of public record." *C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

Another picture of the Product in a clear bowl appears on the side of the box. RJN ¶34, Exh. B. Upon seeing the photographs of the turbinado sugar crystals on the front and side of the box, it is difficult to imagine what else plaintiff thought she was purchasing. Certainly, when plaintiff opened up the box and poured the raw sugar crystals in her drink or on her food, she must have known that what she had purchased was what was described on the box. *See, e.g.*, *McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) ("[A] reasonable consumer would be expected to note, upon pouring the contents of the packaging into a cereal bowl, that the product contained no actual fruit.").[5]

Furthermore, not only is "Natural Cane Turbinado Sugar" emblazoned on the front of the packaging, but it appears a total of nine times on the box: on the front, above and within the ingredient list on the side, above and within the text description on the back, on the special offer

---

[5] Notably, unlike the Product packaging where there is a clear photograph of the actual turbinado sugar crystals, the product packaging in *McKinniss* was an image of fruit, which the product did not contain. Nonetheless, the Court in *McKinniss* still found that the packaging was not misleading. *McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *2 (C.D. Cal. Sept. 18, 2007).

section on the other side, on the bottom, and on the top of the box. Plaintiff does not contend otherwise. Amend. Compl., ¶¶ 13-14. Defendants could not have been more explicit in identifying the Product. These disclosures defeat plaintiff's claims. *Shvarts v. Budget Group, Inc*., 81 Cal.App.4th 1153, 1160, 97 Cal.Rptr.2d 722, 727 (2000) (concluding that the defendant's rental car refueling policy could not be deceptive, as a matter of law, because the policy was "clearly printed, in boldface, in the rental agreement"). Moreover, the federally mandated ingredient list on the box identifies one ingredient: turbinado sugar. *See McKinnis v. Kellogg*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) ("Plaintiffs cannot claim surprise over [the ingredient labels] which have long been required on food products and are familiar to a reasonable consumer.").

**C. Plaintiff's Alleged Misunderstanding is Not Reasonable**

Plaintiff ignored the Product's written description, photographic depiction, ingredient list and contents, and instead allegedly focused solely on the phrase "in the Raw," in the brand name,[6] which, she claims, formed the "net impression" that the product is totally unrefined raw sugar. Amend. Compl. ¶¶ 21, 22, 23 and 25. There is no authority for the proposition that plaintiff's subjective "net impression" may form the basis of an action for unfair advertising. To the contrary, the law is clear that the entire context of the packaging must be considered, which, in this case, includes the Product's photographic depiction and the nine statements on the box that describe it as turbinado sugar. *Brockey v. Moore*, 107 Cal.App.4th 86, 100, 131 Cal.Rptr.2d. 746, 756; *McKinniss v. Sunny Delight Beverages, Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *4 (C.D. Cal. Sept. 4, 2007); *Carrea v. Dreyer's Grand Ice Cream*, No. C 10-01044 JSW, 2011 WL 159380, at *6 (N.D. Cal. Jan. 10, 2011). Any reasonable consumer viewing the entire package would know that "in the Raw" is not a substantive description of the contents of the box.

---

[6] Cumberland owns five trademark registrations in the United States Patent and Trademark Office ("USPTO"). As a prerequisite for acquiring a trademark registration in at least the United States, Cumberland had to satisfy the standard that the mark was not deceptively misdescriptive of the product. *See* 15 U.S.C. 1052(e)(1). That the USPTO never once found the Sugar In The Raw trademark to be deceptive is further support that plaintiff's claims lack merit.

Furthermore, the registered trademark of a product is not required nor intended to provide consumers with a precise description of what is in the box. *See McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (dismissing false advertising claim where the allegedly misleading word 'Froot' "appears in the trademarked name of the cereal, not on its own or as a description of the actual ingredients of the cereal itself"). For instance, Boston Baked Beans for candy coated peanuts, Chicken of the Sea for canned tuna fish, Grape Nuts for cereal that contains neither grapes nor nuts, Chock Full of Nuts for coffee without nuts, are just a few examples. Even without the accurate descriptions and pictures that pervade the Product's packaging, it is simply unreasonable to infer that the brand name, "Sugar In The Raw", in itself, means that the Product was unprocessed. When viewed in context with the rest of packaging, as the law requires, the unreasonableness of the alleged deception is palpable. [7]

Courts in California have repeatedly dismissed similar unfair advertising claims. For example, in *Werbel*, the plaintiff argued that defendant's "Cap'n Crunch Crunch Berries" brand of breakfast cereal was deceptive because the cereal did not contain fruit. The court dismissed that case holding that plaintiff's claims were "nonsense" since "it [was] obvious from the product packaging that no reasonable consumer would believe that Cap'n Crunch derives any nutritional value from berries." *Werbel v. Pepsico Inc.*, No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010). Like in *Werbel*, plaintiff's claim that she purchased the Product because she believed that it contained unrefined sugar cane is also "nonsense" because the packaging makes it abundantly clear that the product contains turbinado sugar. Where no reasonable consumer is likely to be deceived by the product packaging, a motion to dismiss is appropriate. *In re Ferrero Litig.*, 794 F.Supp.2d 1107, 1115 (S.D. Cal. 2011).

**D. <u>No Reasonable Consumer Would Be Deceived into Believing the Product Contains "Unprocessed" or "Unrefined" Sugar</u>**

---

[7] Plaintiff's lack of reasonableness is illuminated when considering that the Product has been sold under the federally registered trademark for the past 40 years without a lawsuit alleging that the Product is something other than turbinado sugar.

Nowhere on the packaging is there any statement that the Product is "unprocessed" or "unrefined." Indeed, plaintiff herself has admitted that consumers understand Sugar In The Raw to contain sugar that has been at least partially processed.[8] Specifically, plaintiff alleged in her original complaint that "due to its impurities…some level of refining raw sugar is required for its legal sale" Compl. ¶ 22. Consistent with her belief, the Product package provides that it consists of crystals "made" from sugar cane. Futhermore, in its ordinary and popular sense, "raw sugar" means "the residue left after sugarcane has been processed to remove molasses and refine the sugar crystals." RJN, ¶ 36, Exh. C. See *Falkowski v. Imation Corp.*, 132 Cal.App.4th 499, 508-509, 33 Cal.Rptr.3d 724, 731-732 (2005) (employing dictionary definitions to determine ordinary meaning of words). On the other hand, "unrefined" means "not processed into a pure or useable form." RJN, ¶37, Exh. D. No ordinary consumer acting reasonably under the circumstances would believe that the Product sitting on a grocery store shelf had not been processed for consumption and was being sold illegally, let alone pay more for it as plaintiff alleges to have done. Amend. Compl. ¶ 57.

**E. <u>The Product Contains "Raw Sugar" as that Term is Commonly Understood</u>**

To the extent a reasonable consumer purchased the Product believing that it contained "raw" sugar, they were not deceived. The Product is "raw" sugar as that term is commonly understood by reasonable consumers. It should go without saying that where a consumer purchases a product under the belief that it contains an attribute that it does in fact contain, there is no actionable claim for false advertising. *See McKinniss v. General Mills*, No. CV 07-2521 GAF (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (motion to dismiss granted "[f]or a variety of reasons, most notably that the packaging of Defendant's products contains no false statements"); *Lavie*, 105 Cal.App.4th at 500, 129 Cal.Rptr.2d. at 489 (reasonable consumers were not likely to be deceived by the phrase "Aleve is gentler on your stomach lining than aspirin" where trial court found that the

---

[8] All sugar sold in the United State by law must be processed to some degree in order to make it edible and clean for human consumption. Plaintiff admits this in her original complaint at paragraph 22. Plaintiff is bound by this admission. *Andrews v. Metro North Commuter R.R. Co,.* 862 F. 2d 705, 707 (2nd Cir. 1989).

statement was true); *Davis v. Ford Motor Credit Co*., 179 Cal.App.4th 581, 599, 101 Cal.Rptr.3d 697, 711 (2009) (plaintiff failed to state a claim under CLRA where challenged representation was correct).

In its ordinary and common usage, the term "raw sugar" is broadly defined and, by definition, includes turbinado sugar within its scope. *See* RJN ¶41, Exh. F. Specifically, Dictionary.com defines "raw sugar" as follows: "a type of light brown coarse sugar containing the natural molasses present in sugarcane." *See* RJN ¶ 41, Exh. F. That definition also provides the following examples of "raw sugar": "Types of raw sugar include demerara, muscovado, and ***turbinado***" *Id*. (emphasis added). In common parlance, turbinado sugar is defined as "a partially refined, granulated, pale-brown sugar obtained by washing raw sugar in a centrifuge until most of the molasses is removed." RJN ¶ 38, Exh. E. Accordingly, reasonable consumers using ordinary meanings understand turbinado sugar to be a type of raw sugar.

In addition, use of the term "raw" to identify various types of raw sugar, including turbinado sugar, is generally known to consumers since various sugar manufacturers and distributors use the term "raw" to identify these various types of raw sugar including Domino, Whole Foods, Trader Joe's and Wholesome Brands. See RJN ¶ 42, Exh. G. (five turbinado sugar products) and below:

Plaintiff fails to explain the basis for her conclusion that Sugar In The Raw does not contain "raw sugar." Plaintiff's subjective understanding of what she thought the product contains is immaterial to the present analysis. *See Freeman v. Time, Inc.*, 68 F.3d at 289; *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal. 1994); *Consumer Advocates*, 113 Cal.App.4th at 1360, 8

Cal.Rptr.3d at 29. A layman's understanding of the term "raw sugar" is broad and includes turbinado sugar. Any ordinary consumer that purchased the Product because they believed it contained "raw sugar" got exactly what they intended.

**F. Plaintiff's Amended Complaint Cannot Remedy Her Defective Claims**

Plaintiff's initial complaint and her amended complaint are premised, in part, on the suggestion that there are health benefits to consuming raw, organic and natural products. Compl. ¶ 19; Amend. Compl. ¶ 24. Plaintiff alleges that for this reason a raw or unprocessed sugar is more desirable than refined white or normal sugar. Compl. ¶ 19; Amend. Compl. ¶ 24. However, in her first complaint, plaintiff admits that all raw sugar must have "some level of refining" in order to be sold in the United States. Compl. ¶ 22. As such, plaintiff cannot reasonably claim that the reasonable consumer would believe that sugar in a grocery store has not undergone some type of processing.

Tacitly acknowledging that the above admission undermines her claim, plaintiff attempts to move the target, and now alleges that, in fact, it is possible to sell "completely unrefined" or "completely unprocessed" sugar in the United States. Amend. Compl. ¶ 19. In this regard, plaintiff identifies "muscovado sugar" or "Barbados sugar" as examples of what she believes to be completely unrefined or unprocessed sugar sold in the United States.

Contrary to Plaintiff's mistaken belief, muscovado and Barbados sugar, like turbinado sugar (or, for that matter, any sugar available for retail purchase), have undergone processing. Indeed, reasonable common sense dictates that if sugar is on a grocery store shelf in crystallized form, it must have been processed from raw sugar cane (i.e. at a minimum harvested, heated, and crystallized). Whether sugar crystals are spun in a centrifuge in the process is meaningless to the ordinary consumer.

Contrary to plaintiff's suggestion in the amended complaint (Amend. Compl., ¶¶ 18, 21), the law does not require a detailed description of the processing technique on product box labeling. All that is required is that a reasonable consumer not be misled. Here, defendants' description of Product as turbinado sugar is the most concise and accurate description of precisely what it is.

**G. Leave to Amend Would be Futile**

A court may, in its discretion, deny leave to amend where amendment would be futile because the plaintiff can prove no set of facts that would constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futile amendments should not be permitted, and futility can, by itself, justify the denial of a request for leave to amend. *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiff's amended complaint unequivocally demonstrates that she cannot prove any set of facts that would constitute a valid claim. A review of the Product packaging immediately demonstrates that any reasonable consumer would know exactly what they were getting. Everything about the Product package, its name, description, visual depictions, and ingredient list, makes absolutely clear that the Product is nothing more and nothing less than turbinado sugar. No further amendment could possibly show that reasonable consumers are likely to be misled, when the face of the Product box itself demonstrates that they would not be. Leave to amend would be futile.

**IV. CONCLUSION**

Based on the foregoing, defendants respectfully request that the Court grant this motion in its entirety without leave to amend and dismiss plaintiff's amended complaint with prejudice.

Dated: March 19, 2012

BUCHANAN INGERSOLL & ROONEY LLP

By: **s/ Robert J. Parks**
Attorneys for Defendant,
CUMBERLAND PACKING CORP.
E-mail: robert.parks@bipc.com

Dated: March 19, 2012

GORDON & REES LLP

By: **s/ M. D. Scully**
Attorneys for Defendant,
CUMBERLAND PACKING CORP.
E-mail: mscully@gordonrees.com

Dated: March 19, 2012

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: **s/ James R. Molen**
Attorneys for Defendant, SUGAR FOODS CORPORATION
E-mail: JMolen@GreenbergGlusker.com