# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALEE ROONEY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CUMBERLAND PACKING CORP., a New York corporation; SUGAR FOODS CORPORATION, a New York corporation, and DOES 1 through 10, inclusive,,<br><br>    Defendants. | CASE NO. 12-CV-0033-H (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On March 19, 2012, Defendants Cumberland Packing Corp. and Sugar Foods Corporation filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 24.) On April 2, 2012, Plaintiff filed her opposition. (Doc. No. 25.) Defendants filed their reply on April 9, 2012. (Doc. No. 27.) The Court held a hearing on the matter on April 16, 2012, at 10:30 a.m. Behram Viraf Parekh appeared on behalf of Plaintiff Rooney. Robert J. Parks and Allison Feldman Borts appeared on behalf of Defendant Cumberland Packing Corp. Aaron J. Moss and James Ryan Molen appeared on behalf of Defendant Sugar Foods Corporation. For the reasons below, the Court grants Defendants' motion to dismiss.

///

**Background**

This is a consumer class action lawsuit brought on behalf of people who purchased Sugar in the Raw® after relying on allegedly deceptive and misleading labeling. (Doc. No. 18.) On March 1, 2012, Plaintiff filed her second amended complaint, alleging that Defendants misleadingly promote Sugar in the Raw® to be nothing other than raw, unprocessed, and unrefined sugar. (Doc. No. 18.) Plaintiff's complaint cites Defendants' representations that the product is natural cane turbinado sugar and the product name, Sugar in the Raw®. (Doc. No. 18.) On these representations, Plaintiff brings causes of action alleging (1) violations of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq. (Doc. No. 18.) Plaintiff alleges that she did not receive the advertised benefit of the product that she paid for, contending that consumers are more willing to pay more for raw and natural products than for refined or processed products. (Doc. No. 18.)

**Discussion**

**I.    Judicial Notice**

In general, the scope of review on a motion to dismiss for failure to state a claim is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may also consider additional documents under the "incorporation by reference" doctrine as long as "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not

1 explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Defendants attach as exhibits four color reproductions of the panels of two boxes of Sugar in the Raw®. (Doc. No. 24, Ex. B.) Plaintiff does not dispute the accuracy of these boxes and bases her claims on them. (Doc. Nos. 18; 24, Ex. B; 25.) Additionally, Plaintiff includes the same reproductions to her complaint. (Doc. No. 18, at 18-19.) The Court grants Defendants' request to the extent the reproductions are properly subject to judicial notice.

Defendants attach as exhibits reproductions of Trader Joe's turbinado raw cane sugar, Wholesome Sweeteners organic turbinado raw cane sugar, Family raw turbinado cane sugar, and 365 turbinado raw sugar. (Doc. 24, Ex. G.) Plaintiff does not dispute the accuracy of these photos. (See Doc. No. 25.) The Court grants Defendants' request for judicial notice of these exhibits to the extent the reproductions are properly subject to judicial notice.

Defendants attach as exhibits two dictionary definitions of raw sugar. (Doc. No. 24, Exs. C, F.) Plaintiff disputes the raw sugar definition provided by Defendants. (Doc. No. 25.) In response, Plaintiff submitted for judicial notice three dictionary definitions of raw sugar and two dictionary definitions of raw. (Doc. No. 25, Ex. A-C, F-G.) Defendants do not oppose judicial notice of one of the three raw sugar definitions—the one from WiseGeek.com. (Doc. No. 27.) The Court concludes that the definitions provided by Defendants, the definitions of raw provided by Plaintiff, and two of the definitions of raw sugar provided by Plaintiff are subject to reasonable dispute. Therefore, the Court declines to take judicial notice of these definitions. Nevertheless, because Defendants assert that they do not dispute the WiseGeek.com definition of raw sugar, the Court grants Plaintiff's request for judicial notice of the definition to the extent that it is properly subject to judicial notice. (See Doc. No. 25, Ex. C.)

Defendants attach as an exhibit a dictionary definition of turbinado sugar. (Doc. No. 24, Ex. E.) Plaintiff does not dispute the definition of turbinado sugar. (Doc. No. 25.) The parties also submit dictionary definitions of unrefined. (Doc. No. 24, Ex. D; 25, Ex. D-E.)

1  The Court grants the parties' requests for judicial notice of the exhibits to the extent it may be
2  properly subject to judicial notice.

**II.     Legal Standard**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Wright & Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

///

## II. Reasonable Consumer Requirement

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising." Id. § 17500. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Under these California statutes, conduct is deceptive or misleading if it is likely to deceive an ordinary, reasonable consumer. Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Id. at 939; accord Linear Tech. Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134-35 (2007); see also Werbel v. Pepsico, Inc., No. C 09-05556, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (stating that whether a business practice is deceptive based on the product's packaging may be determined on a motion to dismiss); McKinnis v. Kellogg USA, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *3 (C.D. Cal. Sept. 19, 2007) ("If an alleged misrepresentation would not deceive a reasonable consumer . . . then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss."); Williams, 439 F. Supp. 2d at 1115 (stating that a claim may dismissed pursuant to Rule 12(b)(6) if no reasonable consumer would be deceived or misled).

"Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable" under the UCL, FAL, or CLRA. Anunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); see Williams, 523 F.3d at 939 n.3; Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., 911

1  F.2d 242, 245 (9th Cir. 1990). Puffery involves "outrageous generalized statements, not
2  making specific claims, that are so exaggerated as to preclude reliance by consumers." Cook,
3  911 F.2d at 246 (quotations omitted). "While product superiority claims that are vague or
4  highly subjective often amount to nonactionable puffery, 'misdescriptions of specific or
5  absolute characteristics of a product are actionable.'" Southland Sod Farms v. Stover Seed
6  Co., 108 F.3d 1134, 1145 (9th Cir. 1997) (citations omitted). Whether a statement is puffery
7  may be decided as a matter of law on a motion to dismiss. Cook, 911 F.2d at 245. However,
8  it is a "rare situation" where granting a motion to dismiss claims under the UCL is appropriate.
9  Williams, 552 F.3d at 939.

Plaintiff alleges that the use of the phrase "in the raw" misled her and similarly situated into believing the product was raw, unprocessed, and unrefined. (Doc. No. 18.) Defendants maintain that Plaintiff's UCL, FAL, and CLRA claims should be dismissed because none of the statements challenged by Plaintiffs are likely to deceive a reasonable consumer. (Doc. No. 34.) Defendants contend that a reasonable consumer could not conclude that the product contains completely unprocessed or unrefined sugar cane. (Doc. No. 24.) Defendants point to the nine locations on the Sugar in the Raw® box that state that the product is natural cane turbinado sugar. (Doc. No. 24.) Further, Defendants assert that turbinado sugar is a form of raw sugar; the term raw sugar is broadly defined and by definition includes turbinado sugar. (Doc. No. 24.)

After considering the parties' arguments, the Court concludes that a reasonable consumer could not be led to believe that Sugar in the Raw® contains unprocessed and unrefined sugar. The Sugar in the Raw® box repetitively and clearly indicates that the product contains pure natural cane turbinado sugar. (Doc. Nos. 18, 24.) Nowhere on the box do the words "unprocessed" or "unrefined" appear. Compare McKinnis, 2007 WL 4766060, at *4 ("Nowhere on the box does the word fruit appear, other than in the banner "NATURAL FRUIT FLAVORS," and no photographs of fruit or other graphical representations of fruit are located on the box . . . ."). The description on the back of the box states that the product is natural premium turbinado cane sugar but does not state that this is the result of less refinery

or less processing. (Doc. Nos. 18; 24, at 38.) Therefore, Plaintiff's conclusion that a significant portion of the general consuming public, acting reasonably, would be led to believe that they are purchasing unprocessed or unrefined sugar is unsupported. See Lavie, 105 Cal. App. 4th at 508.

Additionally, Plaintiff's inference that raw sugar is unprocessed and unrefined is not supported by the packaging of Sugar in the Raw®, the marketing of the product, or industry standards. The packaging of Sugar in the Raw® does not state that the product is raw. (Doc. Nos. 18; 24, Ex. B.) Aside from the brand name, the word raw does not appear on the packaging. (Doc. Nos. 18; 24, Ex. B.) Rather, the product is repeatedly described as turbinado sugar. (Doc. Nos. 18; 24, Ex. B.) Moreover, Defendants' judicially noticed reproductions of turbinado cane sugar product packaging show that turbinado sugar is widely marketed in the industry as raw cane sugar. (Doc. No. 24, Ex. G.) Supporting this fact, Plaintiff's own definition of raw sugar submitted for judicial notice states that turbinado sugar is a well-known type of raw sugar. (Doc. No. 24, Ex. C.) To the extent that Plaintiff asserts that she was under the belief that the product contained raw sugar, she was not deceived. Given the clear labeling of Defendants' product as turbinado sugar and the common industry marketing of turbinado sugar as raw cane sugar, Plaintiff's allegations are without merit. (Doc. Nos. 18, 25.) A significant portion of the general consuming public, acting reasonably in the circumstances, would not be misled by Sugar in the Raw®. Lavie, 105 Cal. App. 4th at 508.

Additionally, the Court notes that Defendant Cumberland's trademark on Sugar in the Raw® has existed without contest for forty years. (Doc. No. 24.) As a prerequisite to acquiring a trademark registration in the United States, a mark must not be deceptively misdescriptive of the product. See 15 U.S.C. § 1052(e)(1). Therefore, the Court concludes that Plaintiff's complaint should be dismissed without leave to amend.[1]

///

///

---

[1] During oral argument, the Court asked Plaintiff whether leave to amend would be appropriate if the case were dismissed. Plaintiff conceded that leave to amend would not be helpful to Plaintiff's case.

## Conclusion

Like in the case of Cap'n Crunch's Berries®, the Court concludes that a reasonable consumer would not be deceived by Defendants' product. See Werbel., 2010 WL 2673860, at *4-5 (N.D. Cal. July 2, 2010) (holding that no reasonable consumer would be led to believe that Defendant's cereal contained real fruit berries despite the use of the word berries in the product name). For the foregoing reasons, the Court grants Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) without leave to amend.

**IT IS SO ORDERED.**

DATED: April 16, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT